505 F.2d 76
 UNITED STATES of America, Plaintiff-Appellee,
v.
W. M. LUNDY, Defendant-Appellant.
No. 74-2517 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 13, 1974, Certiorari Denied March 31, 1975, See 95
S.Ct. 1449.
 
 William P. Dulaney, Tunica, Miss. (Court appointed), for defendant-appellant.
 H. M. Ray, U.S. Atty., Falton O. Mason, Jr., Alfred E. Moreton, III, Asst. U.S. Attys., Oxford, Miss., for plaintiff-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 PER CURIAM:
 
 
 1
 Lundy stands convicted of buying food stamps face-valued at $100.00 or more for cash, in violation of 7 U.S.C.A. 2023(b). The only issue which warrants discussion on his appeal from that conviction is whether the District Court erred in permitting the jury to consider the felony charge.[1] We hold it did not.
 
 
 2
 Mrs. Dawson, a Government 'investigative aide' testified she received $115.00 (face value) in food stamps from Mr. Rowe, a full time Special Agent for the Department of Agriculture. Mr. Rowe directly corroborated this much of her testimony. On direct examination, Mrs. Dawson positively testified she sold all those stamps to the defendant. On cross-examination, however, Mrs. Dawson's recollection of the incident was less clear. To refresh her memory, she used a memorandum on which she had written the serial numbers of the books she was taking into Lundy's store.
 
 
 3
 First, she testified her books were in 10 and 30 dollar denominations.[2] Second, her memo contained three entries. From this the defense deduced the maximum value Mrs. Dawson could have taken into the store was $70.00 (2-$30's and 1-$10). When questioned by counsel, she conceded that must have been so. Tr. at 33. The Government asked no questions in rebuttal-- indeed, it does not discuss this point in its appellate brief.
 
 
 4
 Nevertheless, we think the dollaramount question was fully and properly presented to the jury. By choosing among alternative special verdicts-- a procedure we approved in a similar case, United States v. Devall, 5 Cir., 1972, 462 F.2d 137-- they specifically found the defendant bought stamps face valued at $100.00 or more.
 
 
 5
 We hold the jury could so have found beyond a reasonable doubt. Each book of stamps was marked with a serial number, which number was borne by each stamp in the book. Mr. Rowe testified to the serial numbers of the food stamp coupons.[3] The jury could reasonably conclude that Mrs. Dawson's list may have merely combined the serial numbers of books (1) and (2) and books (3) and (4), separating them only at the end where the digits diverge.[4]
 
 
 6
 Whether or not we would hold this proof of value beyond a reasonable doubt had this been her testimony on direct is not the question. The question is whether this explanation, together with the other positive testimony that all five books were sold to Lundy, is-- as a matter of law-- enough to serve as a basis for the jury's verdict. Drawing those inferences most favorable to the Government from this evidence, and if the jury believed Mrs. Dawson's direct testimony, they could reasonably have concluded Lundy was guilty beyond a reasonable doubt.
 
 
 7
 Affirmed.
 
 
 
 [1]
 Purchase of less than $100.00 of food stamps is a misdemeanor. 7 U.S.C.A. 2023(b)
 
 
 [2]
 Mr. Rowe's testimony was that Mrs. Dawson had 3-$25 and 2-$20 books, totaling $115.00
 
 
 [3]
 (1) E00001002A, (2) E00001005A, (3) E17162394A, (4) E17162395A, (5) E10637387A. Tr. at 49
 
 
 [4]
 Her list reads as follows: (a) E00001002A-5, (b) E17162394A-5, (c) E10637387A. Tr. at 17